KONDUROS, J., dissenting:
I respectfully dissent from the majority opinion and would hold Jett's statement to be an unequivocal and unambiguous invocation of his right to counsel.
The present case is distinguishable from *638 Davis v. United States , 512 U.S. 452, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994). In this case, Jett asked "[w]here my lawyer at?" after being read his Miranda rights. Jett was not questioning whether he needed a lawyer as in Davis . The only two conclusions to be drawn from his utterance are that he is either (1) stating he already has a lawyer and seeks his or her presence or (2) asking for the lawyer referenced in his Miranda rights, as opposed to Davis's pondering whether he needed a lawyer.
In Atlantic Coast Builders & Contractors, LLC v. Lewis , 398 S.C. 323, 333, 730 S.E.2d 282, 287 (2012) (Toal, C.J., concurring in part and dissenting in part), then Chief Justice Toal advised against playing a "gotcha" game with attorneys over procedural matters at the expense of their clients. She surmised that "[t]his practice ignores the fact that behind every party name on a caption is a life-blood litigant or criminal defendant that depends on the court system to protect their ... liberty interests." Id. at 333, 730 S.E.2d at 287.
However inarticulate, after being pulled from underneath a car in the early morning hours, Jett declared "[w]here my lawyer at?" To my reading, Jett has made a request for a lawyer, and I would reverse the trial court's denial of his motion to suppress his statement.